# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN

Lilbert Gregory, #212885

    Plaintiff,

v.

M.D.O.C., et al.

    Defendants.

Case No: 2:23-cv-11957
District Judge: Laurie J. Michelson
Magistrate Judge: David R. Grand

---

| | |
|---|---|
| LILBERT GREGORY, #212885<br>*In Pro Per*<br>Ionia Correctional Facility<br>1727 W. Bluewater Hwy.<br>Ionia, MI 48846<br><br>MICHIGAN DEPT. OF ATTORNEY GENERAL<br>Adam P. Sadowski (P73864)<br>*Attorney for MDOC Defendants*<br>P.O. Box 30217<br>Lansing, MI 48909<br>(517) 335-3055<br>sadowskia1@michigan.gov | CHAPMAN LAW GROUP<br>Nicholas B. Pillow (P83927)<br>*Attorneys for Wellpath, LLC,*<br>*Grand Prairie Healthcare Services, P.C.,*<br>*Krystal Bryant, N.P., and Jeffrey Bomber, D.O.*<br>1441 West Long Lake Rd., Suite 310<br>Troy, MI 48098<br>(248) 644-6326<br>npillow@chapmanlawgroup.com |

## DEFENDANTS GRAND PRAIRIE HEALTHCARE SERVICES, P.C., KRYSTAL BRYANT, N.P., AND JEFFREY BOMBER, D.O.'S MOTION TO EXTEND BANKRUPTCY STAY TO NON-DEBTOR DEFENDANTS

NOW COME Defendants GRAND PRAIRIE HEALTHCARE SERVICES, P.C., KRYSTAL BRYANT, N.P., and JEFFREY BOMBER, D.O. ("Wellpath Defendants") by and through their counsel, CHAPMAN LAW GROUP, and for their Emergency Motion for Order to Extend Bankruptcy Stay, states as follows:

1. On August 8, 2023, Plaintiff Lilbert Gregory filed the above captioned matter, bringing claims of deliberate indifference to a serious medical need. (**ECF No. 1**).

2. Specific to Defendant Krystal Bryant, N.P. and Jeffrey Bomber, D.O. Plaintiff alleges he was not provided with proper pain medication for his Stage 4 prostate cancer for 33 days beginning on or about July 20, 2022 through August 15, 2022.

3. Specific to Defendant Grand Prairie, Plaintiff brings *Monell* claims based on allegedly unconstitutional policies, procedure, or customs of Defendant Grand Prairie as a subsidiary/subcontractor of Wellpath, LLC serving as Professional Corporation servicing Wellpath's contract with the Michigan Department of Corrections between September 29, 2021 and September 26, 2022.

4. At all relevant times to the above captioned matter, and specifically **between September 29, 2021, and April 30, 2024,** Wellpath, LLC was contracted with the Michigan Department of Corrections to staff physicians and mid-level medical providers at the various correctional facilities operated by the MDOC. As of May 1, 2024, VitalCore Health Strategies took over the contract to provide medical care to the inmates incarcerated within the MDOC[1]. During that time, to

---

[1] https://www.michigan.gov/dtmb/-/media/Project/Websites/dtmb/Procurement/Contracts/014/210000000685.pdf

remain compliant with the Michigan Corporate Practice of Medicine doctrine, Wellpath, LLC subcontracted the entire contract to Grand Prairie Healthcare Services P.C. to serve as its professional corporation and render the medical services contracted for.

5. During the timeframe relevant to Plaintiff's Complaint, Defendant Bryant was a mid-level provider, and Dr. Bomber, a physician were employed by Wellpath, LLC/Grand Prairie to provide medical care to the inmates at G. Robert Correctional Facility. As part of their employment Defendants were promised complete defense and indemnity coverage for any lawsuits arising from out of their employment with Wellpath, LLC.

6. During the term of Wellpath's contract with Defendant Grand Prairie functioned as a subsidiary of Wellpath, LLC and was also contractually entitled to complete defense and indemnity for any claims arising out of the MDOC contract.

7. On November 11, 2024 (the "Petition Date"), Wellpath, LLC and certain of its debtor affiliates (the "Debtor") filed Voluntary Petitions for Non-Individuals Filing Bankruptcy for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") in the United States Bankruptcy Court for the Southern District of Texas (Houston Division) (the "Bankruptcy Court"). The Debtors' Chapter 11 cases are being jointly administered for procedural purposes only under the lead Case No. 24-90533-(ARP).

8. On November 14, 2024, the Bankruptcy Court entered an Amended Order (I) Authorizing the Debtors to (A) Honor and Incur Obligations to Professional Corporations, and (B) Obtain New Professional Corporation Contracts, (II) Extending Statutory Protections to Professional Corporations, and (III) Granting Related Relief [Docket No. 91] (the "PC Stay Order"), pursuant to which the above-captioned proceeding, among other lawsuits filed as of the Petition Date in which a professional corporation associated with a Debtor (the "Professional Corporation") is named as a defendant or one of the defendants therein, is stayed in its entirety, including the Plaintiff's claims against the Professional Corporation. (**ECF Nos. 44-2**).

9. Consistent with the November 14, 2024, Order from the Bankruptcy Court, the undersigned counsel was instructed by Wellpath, LLC to seek a stay in all cases involving it or its current or former employees, as well as to Grand Prairie, and on November 15, 2024, Defendants filed their Suggestion of Bankruptcy. (**ECF No. 47**).

10. The Court has not stayed the case as to Wellpath.

11. On January 21, 2025, Magistrate Judge David R. Grand held a status conference. It was ordered that the Wellpath Defendants reserve their discovery requests to Plaintiff and counsel for the Wellpath Defendants informed the Court that a Motion to Stay would be filed.

12. Several Circuits have recognized that in certain circumstances 11 U.S.C. § 362(a)(1) allows for extension of the Automatic Bankruptcy Stay to non-debtor defendants in a lawsuit. *In re Panther Mountain Land Dev., LLC,* 686 F.3d 916, 921 (8th Cir. 2012); *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 510 (3d Cir. 1997); *A.H. Robins Co. v. Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986); *Queenie, Ltd. v. Nygard Int'l*, 321 F.3d 282, 287–88 (2d Cir. 2003).

13. Indeed, Court's within this district have recognized the exceptions outlining in *A.H. Robins Co. v. Piccinin*. *See Al-Shara v. Wal-Mart Stores, Inc.,* 2012 U.S. Dist. LEXIS 47228, *11-*12 (W.D. MI April 3, 2012) ("The first, under the A.H. Robins line of cases, holds that where there is such identity between the third party defendant and the debtor that a judgment against the third party defendant will in effect be a judgment against the debtor, the stay should be extended.")

14. Here, the situation contemplated by *A.H. Robins* and *Al-Shara*, applies to Defendants in relation to the debtor Wellpath, as they are each entitled to complete defense and indemnity for legal claims against them arising out of their respective relationships with Wellpath, LLC.

15. Stated another way, all of Defendants' defense in this matter, and any judgement or settlement payment that may be entered against them or made on their behaves is or will be paid for by Wellpath LLC or its insurer.

16. Specific to the issue of insurance, insurance coverage is not triggered until Wellpath's self-insured retention ("SIR") is paid and exhausted entirely, and Wellpath cannot currently pay anything toward the SIR because of the stay, thus preventing insurance coverage on behalf of Defendant. Finally, all attorney fees are paid by Wellpath until the SIR is exhausted and then by the insurance carrier.

17. For these reasons, on January 14, 2025, the Wellpath Bankruptcy Court held a hearing on whether to extend the automatic bankruptcy stay to non-debtor defendants, like Defendant. Following that hearing, the bankruptcy Court entered the order attached as **Exhibit A** to this supplement holding in pertinent part:

> Any claims or causes of action that have been or may be asserted against **any of the Professional Corporations or their current or former employees, or current or former employees of the Debtor to the extent the Debtors are not named defendants in the underlying lawsuit, are stayed pursuant to section 362, and to the extent applicable section 105, of the Bankruptcy Code on an interim basis to and including February 18, 2025**, to provide the Debtors the opportunity, as requested by the Statutory Unsecured Claim holders' Committee (the "Committee"), to confirm and substantiate the scope and extent of Debtors' indemnification obligations owed to these parties as well as any relevant insurance considerations. (**Exhibit A, ¶ 2**).

18. In light of the January 14, 2025 order, it is clear that the Bankruptcy Court has ruled that the stay is extending to "Professional Corporations" such as Defendant Grand Prairie and to "natural persons" and employees of Wellpath, such as Defendants. (**Exhibit A**).

19. District courts have power to stay proceeding as part of its inherent power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Esperson v. Trugreen Ltd. P'ship*, 2010 U.S. Dist. LEXIS 64637 *4 (W.D. TN June 29, 2010).

20. When ruling on a motion to stay, the Court considers three factors "(1) potential prejudice to the non- moving party; (2) hardship and inequity to the moving party if the action is **not stayed**; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Sierra Club v. Korleski*, 2010 U.S. Dist. LEXIS 63363 *6 (S.D. OH June 8, 2010) (citing *Martin v. Heideman*, 106 F.3d 1308, 1311 (6th Cir. 1997)).

21. Fed. R. Civ. P. 16(c)(2)(L) further allows for the Court to "adopt special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual problems."

22. Here, the complex issues and difficult questions presented by Wellpath's bankruptcy and its impact on the defense and indemnity coverage Defendants are relying on to defend them in this matter warrants a stay of these proceedings through resolution of the Wellpath Bankruptcy.

23. As to the first factor of the stay analysis, Plaintiff in this matter will not be prejudiced by a temporary stay of proceedings for several reasons. First, Defendants' Motion for Summary Judgment has not yet been ruled on. Next,

Plaintiff will have to respond to Defendants' discovery. Depending on the responses provided, a Motion to Deem RFA as admitted may be necessary. Thus, a temporary stay will not derail any type of ongoing intensive discovery or the pending Motions for Summary Judgment

24. Second, resolution of the defense and indemnity issue will benefit Plaintiff by providing a clear answer on whether Plaintiff will be able to collect on any potential judgment that her might receive at the conclusion of this matter. More specifically, as discussed above, Defendants are relying on Wellpath to provide financial obligation and indemnity for any judgments entered against them in this matter, either directly or through Wellpath's insurance policy.

25. Specific to Defendants Bryant and Bomber, they do not maintain independent medical malpractice insurance, nor does they have the independent financial stability to satisfy a judgment in the six (6) or even five (5) figure range. As to Defendant Grand Prairie Health Care Services, its sole purpose was to function as Wellpath, LLC's professional corporation in the state of Michigan, and any funding for the company was backed by Wellpath, LLC. Thus, absent the financial backstop provided by Wellpath LLC, Defendants are functionally collection proof.

26. As to the final factor of the stay analysis, temporarily staying the case will help promote judicial efficiency by ensuring the full and effective participation of Defendants in any remaining claims that may survive summary judgment.

8

27. For these reasons, Wellpath Defendant asks this Court to exercise its discretion to managing its docket and ensure equitable and efficient litigation of the case before it and enter an order staying this matter through the pendency of the Wellpath Bankruptcy, or at a minimum through the February 18, 2025 hearing before the bankruptcy Court addressing the issue of defense and indemnity for non-debtors.

28. Based on the above reasons and productions made by the undersigned, counsel on behalf of other similarly situated Wellpath employees entitled to Defense and Indemnity from Wellpath, on Friday January 17, 2025, Magistrate Judge Sally J. Berens entered several orders extending the Wellpath bankruptcy stay to non-debtor employees. Likewise on January 21, 2025, Magistrate Judge Maarten Vermaat entered similar orders. (**Exhibit B**).

WHEREFORE, Defendants GRAND PRAIRIE HEALTHCARE SERVICES, P.C., KRYSTAL BRYANT, N.P., and JEFFREY BOMBER, D.O. respectively requests this honorable Court grant their Motion for Order to Extend the Wellpath Bankruptcy Stay, staying the case pending resolution of the Wellpath Bankruptcy. Alternatively, Defendant respectfully requests this Court Stay this matter in line with the January 14, 2025, order from the Bankruptcy Court through the February 18, 2025 bankruptcy hearing addressing the issue of defense,

indemnity, and insurance, and grant such other relief as the Court deems just and equitable.

                    Respectfully submitted,
                    CHAPMAN LAW GROUP

Dated: January 24, 2025        */s/ Nicholas Pillow*
                    Nicholas B. Pillow (P83927)
                    Attorney for Wellpath Defendants
                    1441 W. Long Lake Rd., Suite 310
                    Troy, MI 48098
                    (248) 644-6326
                    npillow@chapmanlawgroup.com

## **PROOF OF SERVICE**

I hereby certify that on January 24, 2025, I presented the foregoing paper to the Clerk of the Court for filing and uploading to the ECF system, which will send notification of such filing to the attorneys of record listed herein. I further certify that I have mailed by US Postal Service the document to Plaintiff at his listed address.

                    */s/ Nicholas Pillow*
                    Nicholas B. Pillow (P83927)
                    1441 W. Long Lake Rd., Suite 310
                    Troy, MI 48098
                    (248) 644-6326
                    npillow@chapmanlawgroup.com