UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LILBERT HARRIS GREGORY,

     Plaintiff,

v.

WELLPATH et al.,

     Defendants.

Case No. 23-11957
Honorable Laurie J. Michelson
Magistrate Judge David R. Grand

_____

**OPINION AND ORDER OVERRULING OBJECTIONS [53], ADOPTING REPORT AND RECOMMENDATION [51], AND GRANTING MDOC DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [38]**

_____

On August 8, 2023, Lilbert Harris Gregory filed this *pro se* lawsuit under 42 U.S.C. § 1983 alleging Eighth and Fourteenth Amendment violations by MDOC employees Sirena Landfair and Antonio Melvin (the "MDOC Defendants")—respectively, a Health Unit Manager and then-Sergeant at the G. Robert Correctional Facility ("JFC"), where Gregory was incarcerated during the events at issue. (*See* ECF No. 1.)[1] Gregory claims that for 33 days in 2022 he was unconstitutionally denied the prescription pain medication he takes for Stage IV prostate cancer and that he suffered severe pain and withdrawal symptoms as a result.

All pretrial matters were referred to Chief Magistrate Judge David R. Grand. (ECF No. 14; *see also* ECF No. 63.) After some time for discovery (*see* ECF Nos. 19,

_____

[1] Gregory also sues four "Wellpath Defendants" (Wellpath, LLC, Grand Prairie Healthcare Services, P.C., and two of their medical provider employees). Those claims remain pending (*see* ECF No. 62) and are not at issue here.

21, 23, 24, 35), Landfair and Melvin moved for summary judgment (ECF No. 38). Now before the Court is Judge Grand's report and recommendation to grant that motion. (ECF No. 51.) Gregory timely filed objections (ECF No. 53), to which the MDOC Defendants responded (ECF No. 54). For the reasons below, the Court overrules Gregory's objections, adopts the report and recommendation in full, and grants summary judgment in the MDOC Defendants' favor.[2]

## I.

Gregory alleges that in July 2022, when an "instant" urine drug test came back negative for opioids but positive for THC, he knew the results were inaccurate—because he was taking opioid pain medication for his Stage IV prostate cancer. (*See* ECF No. 1, PageID.16–17.) He told a guard that "the test had to be a false positive," and the guard responded that the prison "ha[s] to send all instant test[s] out to the lab[] because these instant test kits are not 100% [re]liable" and that Gregory "w[ould] know the accurate results within 14 days." (*Id.* at PageID.17.) But before the test results came back, says Gregory, Landfair and other healthcare provider

---

[2] As explained below, Gregory stated in his response to the MDOC Defendants' motion for summary judgment that "Retired Sgt. Melvin can be excus[]ed from this lawsuit." (ECF No. 40, PageID.560.) Melvin had provided a sworn declaration explaining that his "primary responsibilities as a sergeant were to deal with custody and security issues with regard to prisoners and facility management." (ECF No. 38-3, PageID.547.) He continued that he "was not able to prescribe medications, . . . contradict or otherwise overrule a physician's . . . treatment plan[,] . . . [or] stop a prescription for pain medication that has been previously ordered by a physician." (*Id.*) Like Landfair, he declared that "[i]t was not [his] decision to stop any pain medication because of the drug test . . . in July 2022." (*Id.* at PageID.548.) Per Gregory's direction, Judge Grand recommends that summary judgment be granted in Melvin's favor (ECF No. 51, PageID.666 n.3), and Gregory makes no objection to that recommendation (*see* ECF No. 53).

defendants "decided to stop [Gregory's] oxycontin medication" (*id.*), despite knowing the risks associated with sudden discontinuation of opioid pain medications (*see id.* at PageID.17–18). Gregory asked the defendants to "wait until the test result comes back letting [his] due process right take its course" and requested a blood test in the meantime, but Gregory's prescription was nonetheless withheld for 33 days. (*Id.* at PageID.18, 21.) In his complaint, Gregory alleges that he never received the lab results but also never received a misconduct ticket for substance abuse, which suggests that the instant test had indeed been inaccurate. (*Id.* at PageID.20 (alleging that Gregory asked a guard why he did not receive his results or a substance abuse misconduct ticket and that the guard responded, "Well I take it you were right the test kit had to be incorrect").) In his response to the MDOC Defendants' summary judgment motion, Gregory asserts that he was "given [his] oxycodone back" after the lab-tested drug results came back negative for THC and positive for opioids. (ECF No. 40, PageID.557.)

But Landfair says that she did not stop, and could not have stopped, Gregory's medication. In a sworn declaration attached to her motion for summary judgment, Landfair states that "[i]n [her] position" as the JFC Health Unit Manager she is "not able to prescribe medications" and "cannot stop a prescription for pain medication that has been previously ordered by a physician. [She] must follow the orders of the physicians, nurse practitioners, and physician assistants." (*Id.* at PageID.544–545; *see id.* at PageID.545 ("Those providers work independent from me and I have no authority over them to require them to prescribe any medications or to give a patient

any particular plan of treatment or to stop any particular medication or treatment.").)
She further declares that "[i]t was not [her] decision to stop any pain medication
because of the drug test . . . in July 2022." (*Id.* at PageID.545.)

Landfair argues, among other things, that her lack of personal involvement
defeats Gregory's claims against her. (*See* ECF No. 38, PageID.528 ("Gregory cannot
prove[] that Landfair and Melvin acted to impede those [medical] professionals from
seeing Gregory and they cannot be liable [under the subjective component of
Gregory's Eighth Amendment deliberate indifference claim] for alleged inaction in
providing the desired course of medication when it was not within their ability to do
so."); *id.* at PageID.535 ("Neither Landfair nor Melvin made the decision to
discontinue Gregory's pain medication nor did they have the ability or authority to
do so. Landfair and Melvin's lack of personal involvement in the discontinuation of
his pain medication requires judgment in their favor and a dismissal of Gregory's
claims [of both Eighth and Fourteenth Amendment violations] against them.").)

Judge Grand agreed and recommended that this Court grant summary
judgment in favor of the MDOC Defendants. (*See* ECF No. 51.) He concluded that
while Gregory "sufficiently alleged the objective component" of his Eighth
Amendment deliberate indifference claim "in that [Gregory] suffers from Stage IV
prostate cancer and has been prescribed opioids to treat pain associated with that
condition," he failed as a matter of law as to the subjective component because he
"has not established that HUM Landfair knew of a substantial risk to Gregory's
health and *personally* took action to recklessly disregard that risk." (*Id.* at

PageID.670; *see id.* at PageID.670 n.6 ("In order to demonstrate liability under § 1983 as to any particular defendant, a plaintiff must make a clear showing that each defendant was personally involved in the activity that forms the basis of the complaint." (citing *Rizzo v. Goode*, 423 U.S. 362, 377 (1976); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984)))); *see also Lanman v. Hinson*, 529 F.3d 673, 684 (6th Cir. 2008) ("[The Sixth Circuit] has consistently held that damage claims against government officials arising from alleged violations of constitutional rights must allege, with particularity, facts that demonstrate what each defendant did to violate the asserted constitutional right."). "In similar situations," Judge Grand elaborated, "courts have recognized that health unit managers (and registered nurses in general) cannot prescribe medication and, thus, cannot be held liable under Section 1983 for failing to do so." (ECF No. 51, PageID.671 (collecting cases).) Judge Grand reached the same conclusion as to Gregory's Fourteenth Amendment claim, to the extent one was raised by his "vague[] assert[ions]" that the MDOC Defendants denied him due process by "rush[ing]" to discontinue his pain medications before the lab test results came back. (*Id.* at PageID.672 n.8.) Judge Grand concluded that "because HUM Landfair was not personally involved in the decision to discontinue Gregory's oxycontin—and, indeed, could not have made this decision, as it was not within the scope of her practice—any claim that she denied Gregory due process also fails as a matter of law." (*Id.*)

5

## II.

When a party objects to a magistrate judge's report and recommendation, a district judge reviews *de novo* those portions to which the party has objected. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). However, "[t]he district court need not provide *de novo* review where the objections are frivolous, conclusory or general. The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (cleaned up). "A general objection, or one that merely restates the arguments previously presented, is not sufficient to alert the court to alleged errors on the part of the magistrate judge." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004). The Court has no obligation to review unobjected-to issues. *See Thomas v. Arn*, 474 U.S. 140, 150 (1985); *Garrison v. Equifax Info. Servs.*, LLC, No. 10-13990, 2012 WL 1278044, at *8 (E.D. Mich. Apr. 16, 2012).

Considering these standards, the Court must review at least the evidence that was before the magistrate judge, then may accept, reject, or modify the findings and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981); Fed. R. Civ. P. 72(b)(3). The Court may adopt the magistrate judge's report without specifying what it reviewed. *Abousamra v. Kijakazi*, 656 F. Supp. 3d 701, 705 (E.D. Mich. 2023) ("If the court will adopt the R&R, then it may simply 'state that it engaged in a *de novo* review of the record and adopts the [R&R]' without 'stat[ing] with specificity what it reviewed.'" (alterations in original) (quoting *United States v. Robinson*, 366 F. Supp. 2d 498, 505 (E.D. Mich. 2005))).

6

## III.

The Court has carefully reviewed Gregory's complaint (ECF No. 1), the MDOC Defendants' motion for summary judgment (ECF No. 38) and the parties' briefing (ECF Nos. 40, 45, 46), Judge Grand's report and recommendation to grant summary judgment in the MDOC Defendants' favor (ECF No. 51), Gregory's objections (ECF No. 53), the MDOC Defendants' response to those objections (ECF No. 54), and all other applicable filings and law. Having conducted this *de novo* review, the Court overrules Gregory's objections and adopts Judge Grand's report and recommendation.

## A.

As an initial matter, Gregory did not object to Judge Grand's recommendation to grant summary judgment in favor of retired Sergeant Melvin. Indeed, Gregory specifically stated in his response to the MDOC Defendants' motion for summary judgment that "Retired Sgt. Melvin can be excus[]ed from this lawsuit." (ECF No. 40, PageID.560; *see* ECF No. 51, PageID.666 n.3.) The Court thus finds that Gregory has waived its review of Judge Grand's findings as to Melvin. *See United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981) ("[A] party shall file objections with the district court or else waive right to appeal."); *Thomas*, 474 U.S. at 155 (holding that the Sixth Circuit's rule of procedural default does not violate the Federal Magistrates Act or the federal Constitution); *see also Garrison*, 2012 WL 1278044, at *8 ("The Court is not obligated to review the portions of the report to which no objection was made.").

As to Judge Grand's recommendation that summary judgment be granted in Landfair's favor, Gregory merely restates the arguments that Judge Grand already

7

considered and rejected. *See Caddell v. Campbell*, No. 19-91, 2021 WL 2176597, at *7 (S.D. Ohio May 28, 2021) ("Parties are expected to identify 'specific objections' to a magistrate judge's opinion, rather than simply rehash the same arguments that led to the magistrate judge's opinion in the first instance, without even referring to that opinion."); *Powers v. Durrani*, No. 18-788, 2020 WL 5526401, at *1 (S.D. Ohio Sept. 15, 2020) ("Objections to reports and recommendations are not meant to be vehicles for repeating arguments that the magistrate judge already considered.").

Gregory first restates his argument that "HUM Landfair made the decision . . . to take [him] off [his] pain meds" (ECF No. 53, PageID.678)—but Judge Grand already explained that "Gregory's allegations in this respect are belied by the evidence of record, which establishes that it was Dr. Bomber—not HUM Landfair— who made the decision to discontinue Gregory's pain medication" (ECF No. 51, PageID.670 (citing ECF No. 38-2, PageID.545; ECF No. 34-3, PageID.461)). Gregory points to no error in Judge Grand's reasoning, nor to any evidence to the contrary. *See Bradley v. United States*, No. 18-1444, 2018 WL 5084806, at *3 (6th Cir. Sept. 17, 2018) ("A party's objections are not sufficiently specific if they merely restate the claims made in the initial petition [or] dispute the correctness of a report and recommendation without specifying the findings purportedly in error . . . .'" (citation modified)); *Cobb v. Keystone Memphis, LLC*, 526 F. App'x 623, 630 (6th Cir. 2013) (explaining that a party does not create a genuine issue of material fact with speculation or by simply "contest[ing] a fact in [his] brief"); *Chappell v. City of Cleveland*, 585 F.3d 901, 906 (6th Cir. 2009) ("The court's duty to view the facts in

the light most favorable to the nonmovant does not require or permit the court to accept mere allegations that are not supported by factual evidence.").

Gregory next reargues that Landfair "[k]new that a substantial risk of serious harm exist[ed]" and thus acted with deliberate indifference by abruptly stopping his pain medications (ECF No. 53, PageID.678–679)—but Judge Grand addressed that argument, too, explaining that even if Landfair was indeed aware of such risks, that would not make her liable where she had no control over Gregory's medication being stopped (*see* ECF No. 51, PageID.672 ("[E]ven if Gregory's assertion is correct, as discussed above, the undisputed evidence is that defendant Landfair did not make the ultimate decision to terminate his oxycontin prescription.")). Again, Gregory does not "pinpoint" anything he disagrees with in Judge Grand's report and recommendation, *see Mira*, 806 F.2d at 637, or address Judge Grand's analysis at all, s*ee Aldrich*, 327 F. Supp. 2d at 747.

The Court thus need not further consider Gregory's "objections." *See Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001) ("The filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object."); *Aldrich*, 327 F. Supp. 2d at 747 ("An 'objection' that does nothing more than state a disagreement with a magistrate [judge's] suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Hawkins v. Detroit Pub. Sch.*, No. 16-10316, 2017 WL 2962876, at *1 (E.D. Mich. July 12, 2017) (concluding that party's objections to report and recommendation were "ineffective and waived" where they simply

repeated arguments from underlying briefing "[i]nstead of attempting to show how and where the Magistrate Judge erred"). "[O]bjections that recite arguments made to the magistrate judge effectively duplicate the functions of the district court 'as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act.'" *Powers*, 2020 WL 5526401, at *1 (quoting *Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991)).

## B.

In sum, the Court finds that Judge Grand's factual conclusions are reasonable, that he appropriately applied the correct law, and that his reasoning is sound. And for the reasons Judge Grand explains, Gregory's constitutional claims against the MDOC Defendants fail as a matter of law, and Gregory's objections fail to support a conclusion to the contrary.

## IV.

Accordingly, the Court OVERRULES Gregory's objections to the report and recommendation (ECF No. 53), ADOPTS Judge Grand's report and recommendation in full (ECF No. 51), and GRANTS the MDOC Defendants' motion for summary judgment (ECF No. 38).

SO ORDERED.

Dated: September 30, 2025

s/Laurie J. Michelson
LAURIE J. MICHELSON
UNITED STATES DISTRICT JUDGE